[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant has moved to strike all counts of the plaintiff's complaint. CT Page 9003
A motion to strike tests the legal sufficiency of a pleading. Blake v. Levy, 191 Conn. 247 (1983). For purposes of the motion to strike, the court must assume the truth of the allegations of the contested pleading. Ivey, Barnum O'Meara v. Indian Harbor Properties, Inc., 190 Conn. 528 (1983). The court is limited to the facts contained therein.
The defendant's motion to strike the first and fifth counts relies on facts outside of the contested pleading. The motion therefore is in the nature of a "speaking demurrer" and is impermissible.
While the defendant's legal argument regarding the second count may prevail upon proper proof, at a later stage of the proceedings, its reliance on Magnan v. Anaconda Ind., Inc.,193 Conn. 558, is insufficient here. It is the thrust of the plaintiff's complaint, taken as true here, that the plaintiff was not an employee at will. The defendant cites no case requiring a violation of public policy in light of the facts pled here.
Counts three and four arise out of the termination of the plaintiff's employment and are not barred by the exclusivity provisions of the Workers' Compensation Act. Mosley v. Housing Authority, 4 CSCR 3 (Nov. 4, 1988).
The motion to strike is therefore denied.
BY THE COURT, ELAINE GORDON, JUDGE